**UNITED STATES of America,**
**Appellee,**

v.

**Richard Lee BOULEY, Appellant.**

**No. 72–1617.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1973.

Decided April 2, 1973.

---

2. ABA Special Comm. on Crime Prevention and Control, New Perspectives on Urban Crime 25 (1972).

George S. Daly, Jr., Charlotte, N. C., for appellant.

Hugh J. Beard, Jr., Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

ALBERT V. BRYAN, Senior Circuit Judge:

For failure to submit to induction under the Military Selective Service Act, Richard Lee Bouley, on April 11, 1972 in the Federal District Court at Charlotte, North Carolina, was convicted of a violation of 50 App.U.S.C. § 462. From this judgment he now appeals, asking acquittal or, at least, a new trial. His contention is that the induction order was invalid because his local selective service board denied him due process of law in failing to reopen his 1–A classification, and give him deferment as a member of the United States Marine Corps Reserve. We affirm.

A chronology of the events of the case is necessary:

1. Bouley registered in 1964, and was classified 1–A.

2. In 1966 he enlisted in the Marine Corps Reserve at Charlotte, after being ordered to report for induction.

3. Thereupon a DD Form 44 noting his enlistment was sent by the Reserve to the local board.

4. On February 16, 1966 the board classified Bouley as 1–D, which meant a deferment of his induction. 32 CFR § 1622.13(f).

5. In February 1968 Bouley's business carried him to Miami, Florida.

6. On February 15, 1968 the Charlotte Reserve unit sent to his local board a DD Form 44 showing an inter-unit transfer.

7. Shortly thereafter he decided to return to Charlotte, but no new DD form was sent to the local board establishing his departure from the Miami unit and his retransfer to the Charlotte unit.

8. A DD form is good for only one year. Local Board MEMORANDUM No. 1 issued September 3, 1948, as amended November 15, 1967.

9. On April 23, 1969 not having heard from the Charlotte unit or from Bouley since February 15, 1968, his local board at Charlotte classified him as 1–A, thereby subjecting him to immediate call for service.

10. On the same day the local board sent Bouley notice of this classification and of his right to make a written request for a personal appearance before the board.

11. Thereupon Bouley telephoned the board's secretary and asked to meet with the board. He was advised: "There is a Board but you cannot come and face [them], you cannot come up and talk to them, you have to write a letter," and saying further that if the board wished to see him they would let him know.

12. On May 21, 1969 Bouley wrote the board as follows:

"Dear Sirs,

"I would like to explain my position as far as the Marine Corps Reserve was concerned before I was reclassified 1–A.

"I was attending drills regularly up to January of 1968 when business required me to Miami Fla. I then got in touch with my reserve unit and had them transfer me to Miami.

"After arriving in Miami I found that I wasn't going to be able to stay as the business was not going to work out. I then called the Miami unit and explained my problem. They said they would send my papers back to Charlotte when they arrived.

"I went to make the next drill at the Charlotte unit and they told me that my papers were not back and I was not considered in the unit until they were. I then asked the Sergeant to check with Miami and let me know when he found out something.

"I never heard anything from them, so I went back to the unit. They told me that they had received part of my papers but some had not been received.

"I left them an address that I could be reached at and told them to let me know when they heard something. That's the last I heard from them until I received the letters from the draft board.

"I would like an opportunity to go back and talk to the reserve unit to see if I can be accepted back into the unit before you folks take any further action.

"Thank you,

"/s/ Richard L. Bouley"

13. On May 27, 1969 Bouley was ordered to report for induction on June 13, 1969.

14. On May 28, 1969 the Board informed him by letter that it "must have official notice from your unit that the transfer has been completed", and asked that he attend to the matter at once.

15. On June 13, 1969 Bouley failed to report for induction.

16. On May 5, 1971 Bouley appeared at the local board and was then forwarded for induction, which he refused.

17. As of May 5, 1971 no official information with reference to Bouley's Reserve status had been received by the board, the last DD form having been received on February 15, 1968.

18. Bouley was indicted on September 22, 1971.

19. On March 27, 1972 he moved the court for discovery of any notes or memoranda of the Regional Counsel of the Selective Service System on which the Counsel based his conclusion that Bouley's cover sheet had been reviewed and found "procedurally correct". Bouley then also sought discovery of "[a]ll documents regarding defendant's participation in the U.S. Marine Corps Reserve at any time from January 1, 1966 through February 26, 1971".

20. On April 6, 1972 the motion for the Marine Corps records was granted, but in answer the Government filed an affidavit to the effect that, after diligent search, it was ascertained that all

such records had been destroyed "in the due course of business". However, some of them were later found and produced. Discovery of the notes and memoranda was refused on the ground that any obligation of disclosure was excepted by 5 U.S.C.A. § 552(b)(7) as an investigatory file "compiled for law enforcement purposes". Refusal was also placed on Rule 16(b) F.R.Crim.P., which in this regard is substantially similar to the statute.

Bouley's contention now is that his local board should have reopened his 1–A classification following the receipt of his letter of May 21, 1969, supra. The position of the Government is that under the selective service regulations, in order for Bouley to maintain his deferred status it was absolutely necessary for him to have the Marine unit at Charlotte file with the Board Form DD–44, showing his reacceptance into the unit. Without it the Board had no authority whatsoever to reclassify him as deferred by reason of enlistment in the Reserve. Responding, Bouley insists that the failure to file a DD Form 44 upon his return to Charlotte was due to the Marine Corps' neglect to do so, inasmuch as he claims to have presented himself to the Charlotte unit immediately upon his return from Miami in February 1968, and twice thereafter.

██ We cannot say that the Board was in error in not reopening his classification. As was declared in United States v. McDuffie, 443 F.2d 1163, 1166 (5 Cir. 1971):

"  .  .  . The registrant bears the burden of clearly establishing his right to the exemption, and 'the board has no affirmative duty to ascertain whether or not the registrant qualifies for the exemption.' McCoy v. United States, 403 F.2d 896, 899–900 (5th Cir. 1968). *See also* Robertson v. United States, 417 F.2d 440, 445 (5th Cir. 1969); Camp v. United States, 413 F.2d 419, 422 (5th Cir. 1969);

Clay v. United States, 397 F.2d 901, 916 (5th Cir. 1968). . . . "

In Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362 (1970) the Court said that the board should reopen a registrant's classification upon "nonfrivolous allegations of fact . . . not . . . previously considered . . . unless", the Court added, "the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file."

The statements made in Bouley's letter of May 21, 1969 were not new. The Board was informed of all of its material assertions when DD Form 44 was received on February 15, 1968. This form is the only means through which the board is informed of the registrant's fulfillment of his obligation to serve in the Reserve. It is "needed to determine claims for . . . exemptions and deferments" allowed by the Act. 32 CFR 713.2104(a).

Under Local Board Memorandum No. 1, the form had to be furnished the local board "initially, annually, and immediately upon a change in his reserve membership status". Deferment was effective only "as long as he satisfactorily participates" in the Reserve. 32 CFR 713.2104(a). Such reports were required to be submitted not later than October 15 of each year. In this instance, that date would have been October 15, 1968. For some fifteen months Bouley did not even attempt to inform the board of any difficulty he was having in obtaining the DD form on his return to the Charlotte unit in February, 1968.

Certainly this court would not be warranted in reversing his conviction, or directing the suspension of the judgment on review until Bouley could account to the selective service board for his default. Even then, the resolution of whether he was entitled to an extended deferment would be for the board and not the court.

The discovery pressed by Bouley was correctly decided by the District Court. At all events, the documents sought would not affect the finding of the District Court upon Bouley's guilt.

Affirmed.